## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

MERHDAD FOTOOHIGHIAM

     *Plaintiff,*

v.

THE CITY OF COLUMBIA, MISSOURI,
COLUMBIA POLICE DEPARTMENT
BOONE COUNTY PROSECUTORS OFFICE,
and,

PROSECUTOR ROGER JOHNSON,
OFFICER STEVEN LEE WILMOTH,
OFFICER JON LOGAN,
OFFICER ANTHONY PERKINS,
in their individual and official capacities,
and,

JENNIFER WILSON,
SCOTT (SCOTTY) CHRISTOPHER,
ALI RASTKAR,
MARCIA GREEN,
in their individual capacities,

     *Defendants.*

Case No: 24-

Hon.: _____

JURY TRIAL DEMANDED

## COMPLAINT

NOW COMES, Plaintiff Merhdad Fotoohighiam, by and through his counsel,

Advanta Law, PLC, & The Shiraz Law Firm, PLLC., Sean W. Pickett and

Case 2:24-cv-04142-MDH    Document 1    Filed 08/21/24    Page 1 of 28

Associates LLC by Sean W. Pickett, local counsel, and for his Complaint against Defendants on information and belief alleges the following:

<u>**INTRODUCTION:**</u>

1. This is a civil rights action seeking monetary damages from Defendants for the violation of various civil rights, resulting in injuries and damages to Plaintiff in the City of Columbia, County of Boone, Missouri.

2. Plaintiff Merhdad Fotoohighiam spent nearly three years wrongfully imprisoned for the December 15, 2014, "arson" of Marcia Green's inhabitable structure located at 3406 Rock Quarry Road, Columbia, Missouri. Plaintiff was a wealthy and successful businessman when Defendants detained, arrested, and framed him for an arson he did not commit or facilitate.

3. Defendants, through the investigation of Detective Wilmoth who had only been a detective for 11 months at the time and who had never conducted an arson investigation, manufactured a theory of liability that Mr. Fotoohighiam hired and acted in concert with James Hall, the individual who purportedly started the fire on Marcia Greens structure.

4. After years of abuse and deprivation of Mr. Fotoohighiam's civil rights, freedoms, liberty, and property, including but not limited to, upon information and belief the loss of a $5 million dollar cash only bond; and after lead investigator Officer Wilmoth's testimony in trial revealed the careless and reckless nature of the investigation, a jury acquitted Mr. Fotoohighiam of the charges relating to the "arson" of Marcia Greens' inhabitable structure.

5. During the trial of Mr. Fotoohighiam, it was revealed that there was no motive or physical evidence tying him to the crime, nonetheless, it was revealed after the trial that Defendants manufactured a case against him through false and fabricated testimony of unreliable and coerced eyewitnesses, unreliable incentivized criminals, and through a blatantly clear manufactured investigation.

6. Daniel K. Knight, the Prosecuting Attorney of the County of Boone, State of Missouri in 2015, died by suicide in 2022 according to an investigation by the Columbia Police Department.

7. In Plaintiff's criminal trial, it was discovered for the first time that Detective Wilmoth did not investigate Marcia Green, nor did he properly interview or investigate the purported witnesses and reveals the nature of the Columbia Police Departments role in depriving Plaintiff of his rights.

8. On or about August 27, 2019, Plaintiff was found not guilty on all counts in *State v. Fotoohighiam* No. 17BA-CR04455-01.

9. Plaintiff was deprived of 3 years of his life along with all of his assets, reputation, and career, he now sues Defendants for their unconstitutional misconduct that caused his wrongful arrest and imprisonment which inflicted enormous and irreversible harm.

## JURISDICTION AND VENUE

10. This action is brought pursuant to 42, U.S.C. §1983 and state law to remedy the deprivation under the color of law of Fotoohighiam's rights guaranteed by

the United States Constitution. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

11. This Court has supplemental jurisdiction over Fotoohighiam's state law claims pursuant to 28 U.S.C. § 1367.

12. Venue is proper in the Western District of Missouri pursuant to 28 U.S.C. §1391(b) and (c) because this is the district where most of Defendants reside and where the events giving rise to the claims herein arose.

## JURY DEMAND

13. Fotoohighiam demands a trial by jury on all issues and claims set forth in this Complaint pursuant to the Seventh Amendment of the U.S. Constitution and Federal Rule of Civil Procedure 38(b).

## PARTIES

### *Plaintiff*

14. Plaintiff Merhdad Fotoohighiam was a resident of the State of Missouri at all times relevant to this Complaint. In 2017, Plaintiff was wrongfully incarcerated for the alleged arson of Marcia Greens inhabitable structure. In August 27, 2019, Plaintiff was fully exonerated of the charges in a trial by jury but was held in jail until 2022.

### *Defendants*

15. Defendant **CITY OF COLUMBIA, MISSOURI** ("Columbia" or the "City") is a constitutional charter city located in the State of Missouri. The City is responsible for and operates the Columbia Police Department ("CPD") and

holds the Boone County Prosecutors Office. Upon information and belief, the City accepted and assumed responsibility, ownership, and liability as successor-in-interest for contractual obligations, indebtedness, and other obligations of the Columbia City Board of Police Commissioners.

16. Defendants Wilmoth, Logan, and Perkins (Hereinafter "Officers" or "Detectives"), were officers employed by the Columbia Police Department.

17. Defendant **OFFICER STEVEN LEE WILMOTH**, at all times relevant to this Complaint, was an officer of the CPD acting under color of law and within the scope of his employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of Columbia, Missouri, CPD, and the State of Missouri. He is sued in both his individual and official capacity. Wilmoth was the lead detective for Plaintiff's arson case.

18. Defendant **DETECTIVE JON LOGAN**, at all times relevant to this Complaint, was an officer of the CPD acting under color of law and within the scope of his employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of Columbia, Missouri, CPD, and the State of Missouri. He is sued in both his individual and official capacity. Upon information and belief, Logan conducted investigations as part of Plaintiff's alleged criminal arson case at the time of this investigation.

19. Defendant **DETECTIVE ANTHONY PERKINS**, at all times relevant to this Complaint, was an officer of the CPD acting under color of law and within the scope of his employment pursuant to the statutes, ordinances, regulations,

policies, customs, and usage of the City of Columbia, Missouri, CPD, and the State of Missouri. He is sued in both his individual and official capacity. Upon information and belief, Perkins conducted investigations as part of the investigations in Plaintiff's alleged "arson" case.

20. Defendant **COLUMBIA POLICE DEPARTMENT**, at all times relevant to this Complaint, employed the officers acting under color of law and within the scope of its employment of the officers pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of Columbia, Missouri, CPD, and the State of Missouri.

21. Defendant **BOONE COUNTY PROSECUTORS OFFICE**, at all times relevant to this Complaint, acting under color of law and within the scope of its authority pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of Columbia, Missouri, CPD, and the State of Missouri. It is being sued for their conspiracy to interfere with Plaintiff's Civil Rights.

22. Defendant **ROGER JOHNSON**, at all times relevant to this complaint, was the assistant prosecuting attorney who signed and verified the authenticity of the complaint in 2015, and is the current Prosecuting Attorney for the Boone County Prosecutor's Office, acting under color of law and within the scope of its authority pursuant to the statutes, ordinances, regulations, policies, customs, and usage in the City of Columbia, County of Boone, and State of Missouri.

23. Defendant **JENNIFER WILSON**, at all times relevant to this Complaint, was an individual residing upon information and belief in the City of Columbia, and State of Missouri. She is sued in her individual capacity.

24. Defendant **SCOTT (SCOTTY) CHRISTOPHER**, at all times relevant to this Complaint, upon information and belief was an individual residing in the City of Columbia, Missouri, and the State of Missouri. He is sued in his individual capacity.

25. Upon information and belief, Defendant **ALI RASTKAR**, at all times relevant to this Complaint, upon information and belief was an individual residing in the City of Columbia, Missouri, and the State of Missouri. He is sued in his individual capacity.

26. Upon information and belief, Defendant **MARCIA GREEN**, at all times relevant to this Complaint, was an individual residing in the City of Columbia, Missouri, and State of Missouri. She was the alleged "victim" of the arson and is being sued in her individual capacity.

27. Upon information and belief, some or all Defendants are insured by one or more policies of liability insurance purchased pursuant to Mo. Rev. Stat. §§ 537.610, 71.185 or other applicable state law with respect to all acts and omissions complained of herein.

## FACTUAL ALLEGATIONS

28. On or about December 15, 2014, the inhabitable structure of Marcia Green was set on fire.

29. Plaintiff Merhdad Fotoohighiam was a successful business owner, property owner, and Doctor of Engineering who resided in Missouri for decades. Plaintiff owned properties near the property of Marcia Green and had access to the road to which increased the value of his property.

30. Upon information and belief, Marcia Green in concert with other Defendants set fire to her own property and fabricated a storyline to directly place the blame on Merhdad Fotoohighiam for allegedly directing his tenant and employee James Hall to set fire to her mobile home.

31. Plaintiff's employee and tenant, James Hall, was charged with the actual arson of Marcia Green's mobile home, next to the mobile home Mr. Hall was renting from Plaintiff.

32. Plaintiff and James Hall were arrested and charged with the arson of Marcia Greens property. Both Plaintiff and James Hall were acquitted and found not guilty in two separate trials.

33. During the investigation, Marcia Green made many contradictory statements including how she received flash fire burns on the top of her hands, where she was located when the fire began, and how the fire spread.

34. It was revealed during or after the trial that the investigators did not pursue any investigations into Marcia Green, nor did they pursue any leads that could have and would have exculpated Plaintiff.

35. Instead, in his probable cause statements, Detective Wilmoth elected to describe how wealthy Plaintiff was at the time.

Case 2:24-cv-04142-MDH    Document 1    Filed 08/21/24    Page 8 of 28

36. This led to Plaintiff being forced into paying an unconstitutional $5 million cash only bond for an arson he did not commit and without a prior criminal record.

37. Plaintiff was held in the Boone County Jail until 2022.

38. During his time in the Boone County Jail, Defendants built a manufactured case against Plaintiff in an effort to deprive him of his freedoms and obtain a conviction for a crime he did not commit.

39. Defendants lead investigator, Wilmoth, admitted for the first time in the trial that he did not formally interview the "victim" of the arson, Marcia Green, despite admitting that owners of burned properties are usually the first suspects in potential arson cases.

40. Detective Wilmoth testified for the first time that he did not collect Marcia Greens clothes or the gas tank that sat next to her property.

41. Detective Wilmoth falsely claimed in trial that Plaintiff had two motives to burn the property despite having never interviewed the "victim" Marcia Green.

42. Fire Chief Bach did not collect any of the clothing of Marcia Green.

43. Bach did not gather the gas tank that was available directly next to the property.

44. Notably, after trial, in July 2020, while Plaintiff was still incarcerated and unable to pursue his rights through the continuous deprivation by Defendants, Defendants star witness Jennifer Wilson in a signed affidavit revealed for the first time the conspiracy created by Defendants.

Case 2:24-cv-04142-MDH    Document 1    Filed 08/21/24    Page 9 of 28

45. Defendant Jennifer Wilson in her notarized statement indicated that she reported to Detective John/Jon Logan that Marcia Green planned to set her own property on fire for money and blame it on Plaintiff.

46. Defendant Jennifer Wilson for the first time admits that she informed the detectives, and that Detective Wilmoth wanted her to blame the arson on Plaintiff and the prosecutor placed her and an individual named Scotty in a hotel in Kingdom City for two weeks, and blame the arson on Plaintiff and James Hall.

47. In another letter to Plaintiff by Defendant Jennifer Wilson in 2022, she further admits that both Detective Wilmoth and the prosecutor from St. Charles told her that if she testified against Plaintiff, they would dismiss her credit card charges from Red Roof Inn.

48. She also testified that an individual Ali Rastkar was present when the property was on fire until the fire trucks showed up. Upon information and belief, no detective report or prosecution report indicates this nor was he investigated.

49. Upon information and belief, the only individuals who were investigated in this matter as suspects were Plaintiff and his employee and tenant James Hall.

50. Plaintiff is and has always been innocent.

51. James Hall, the individual who was charged with committing the arson, was found not guilty for the arson in 2018.

52. Despite Mr. Hall being acquitted in 2018, Defendants chose to continue prosecuting Plaintiff without any evidence against him.

53. Not only did Defendants not have any physical evidence or forensic evidence that implicated Plaintiff, but Jennifer Wilson in her affidavit revealed that Defendants knowingly fabricated their case against Plaintiff.

54. Plaintiff had no motive to harm Marcia Green.

55. During the trial, Detective Wilmoth, in an attempt to save his investigation revealed for the first time manufactured "motives" against the Plaintiff he had never once mentioned during the five years the case was investigated.

56. From the beginning of the fire, Marcia Greens story changed multiple times. Yet she was never investigated.

57. Detective Wilmoth testified in his trial that he did not pursue any other individuals because he had his suspect.

58. Detective Wilmoth interviewed Plaintiff before he interviewed the victim.

59. Detective Wilmoth revealed in trial that his investigation was based on statements made by Jennifer Wilson and Scott Christopher.

60. Not a single witness testified they personally heard Plaintiff ever order the burning of Marcia Greens property.

61. Detective Wilmoth's trial testimony revealed he did not conduct many aspects of a normal investigation.

62. Detective Wilmoth's trial testimony reveals that he did not even collect important evidence relating to the crime.

Case 2:24-cv-04142-MDH    Document 1    Filed 08/21/24    Page 11 of 28

63. Detective Wilmoth reveals in trial that he never even confronted Marcia Green regarding any of her inconsistent statements regarding the arson because the "investigation took me another way".

64. Detective Wilmoth testified in the trial that he did not even check Scotty Christopher's criminal record prior to applying for the probable cause statement against Plaintiff.

65. Detective Wilmoth testified in trial that he sent Scott Christopher one photo for the purpose of identifying Plaintiff.

66. Detective Wilmoth did not perform a non-suggestive lineup of at least four or five individuals. Simply, his investigation was confirmation bias.

67. Detective Perkins did not reveal any of the criminal records of Scott Christopher during the investigation.

<u>DAMAGES</u>

68. The unlawful, intentional, willful, deliberately indifferent, and reckless acts and omissions of Defendants Wilmoth, Logan, Perkins, Bach, and the prosecutors caused Merhdad Fotoohighiam to be improperly arrested and imprisoned, and unfairly tried and forced to serve 3 years in jail for crimes he did not commit.

69. As a direct result of Defendants actions and omissions, Fotoohighiam sustained injuries and damages, including loss of his freedom for more than 3 years, loss of his reputation, loss of $5 million in paid cash only bail bond, income, businesses, properties, pain and suffering, mental anguish, emotional

distress, indignities, degradation, permanent loss of his life's work, restrictions on all forms of personal freedom including but not limited to diet, sleep, personal contact, personal fulfillment, family relations, reading, traveling, television, movies, enjoyment, and freedom of speech and expression.

70. As a direct result of Defendants' actions and omissions, Fotoohighiam was deprived of his familial relationships, including his relationships with his kids.

71. As a direct result of Defendants' actions and omissions, Fotoohighiam sustained economic injuries and damages including loss of income and loss of all of his business and real estate ventures and has caused Plaintiff to become indigent.

72. As a direct result of Defendants' actions and omissions, Fotoohighiam sustained physical injuries and damages, including physical pain and suffering, personal injuries, physical illness, abuse in prison, and inadequate medical care.

<u>CAUSES OF ACTION</u>

### COUNT I:
**42 U.S.C. § 1983 Deprivation of Liberty without Due Process of Law and Denial of a Fair Trial by Fabricating Evidence, Withholding Material Exculpatory and Impeachment Evidence, and Conducting a Reckless Investigation**

*Against City of Columbia, Columbia Police Department, Boone County Prosecutors Office, Prosecutor Roger Johnson, Officer Wilmoth, Officer Logan, Officer Perkins*

73. Plaintiff incorporates by reference all of the foregoing paragraphs.

74. Defendants, individually and in concert, fabricated false evidence to support their prosecution of Merhdad Fotoohighiam, suppressed exculpatory and impeachment evidence, failed to investigate in a manner that shocks the conscience, and instead followed through with the unlawful prosecution of Plaintiff, thereby depriving Fotoohighiam of his right not to be deprived of liberty without due process of law. The Defendants caused false evidence to be used against Plaintiff in his prosecution and at trial.

75. Defendants ignored clear evidence that Plaintiff was innocent, and rather than investigate the arson, intentionally and in bad faith set about to violate Fotoohighiam's due process rights.

76. The Defendants intentionally and/or recklessly fabricated false evidence inculpating Fotoohighiam. For example, they intentionally and or recklessly fabricated that Jennifer Wilson identified that Merhdad informed James Hall to set the property on fire.

77. In fact, Defendant Jennifer Wilson revealed that Defendants intentionally requested that she implicate Plaintiff as the individual who caused the arson despite knowing that Marcia Green was responsible in exchange for having charges against her dismissed.

78. Detective Wilmoth and the prosecutors improperly pressured Jennifer Wilson to identify and testify against Plaintiff.

79. Defendant Jennifer Wilson reveals that she testified as to what Detective Wilmoth and the prosecution wanted her to say.

80. To further bolster this manufactured case, Defendants did not pursue a single suspect other than Plaintiff, sent "witness" Scott Christopher a single photo in a suggestive lineup solely including Plaintiff.

81. Defendants refused to pursue any investigation into Marcia Green despite clear contradictory statements made by her regarding how the arson took place, refused to gather material evidence that would exculpate Plaintiff, failed to assess credibility of their witnesses who were known to have criminal records.

82. Defendants failed to reveal that some of their eye-witnesses were informants and had relationships with certain detectives.

83. Defendants intentionally and/or recklessly fabricated evidence that Plaintiff had a motive to harm Marcia Green, including without limitation the following evidence:

    a. Defendant Wilmoth fabricated that there was a property dispute in his probable cause statement without having interviewed Marcia Green prior to the statement.

    b. Detective Wilmoth in trial revealed for the first time his fabricated motive that Plaintiff had a dispute with Marcia Green because sought to purchase her property for his business.

    c. Detective Wilmoth forced Jennifer Wilson to fabricate and claim that Plaintiff was responsible for the arson despite being informed Marcia Green and Scott Christopher set the property on fire.

84. In addition, Defendants concealed and suppressed exculpatory and impeachment evidence as a part of a scheme to deliberately deceive the Court in violation of the constitution, *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and related cases. Defendants also suppressed evidence of their investigative misconduct.

85. Defendants also intentionally and/or recklessly failed to investigate the arson of Marcia Green's property, failing to take even the most minimal investigatory steps to determine who was actually involved. For example, Defendants did not pursue the inconsistent statements of the "victim", despite testifying that the owner of the property is usually the first suspect in an arson, Defendants did not gather the victims clothing or the gas tank that was next to the property.

86. Defendants also intentionally and/or recklessly failed to investigate evidence of Merhdad Fotoohighiam's innocence. For example, Defendant's did not interview any individuals identified by Plaintiff, made no attempts to corroborate any alibi, failed to pursue any avenue other than Plaintiff.

87. The foregoing acts and omissions were deliberate, reckless, wanton, cruel, motivated by evil motive or intent, done in bad faith, and/or involved callous indifference to Fotoohighiam's federally protected rights. These acts were perpetrated while Defendants were acting in their official capacities and under color of state law.

88. Defendants concealed the existence of and/or failed to develop exculpatory evidence, including pursuing evidence pointing towards the true perpetrators, and concealed the leading, suggestive, or improper tactics they used on their witnesses.

89. Defendants continued this fabrication through trial.

90. Defendant Jennifer Wilson revealed the truth to Plaintiff in 2020 by signing a notarized affidavit attesting to the fabrication developed and forced upon her by detectives and prosecution against Merhdad Fotoohighiam.

91. As a direct and proximate result of the Defendants actions, Plaintiff was wrongfully prosecuted, detained, and incarcerated for at least three years and suffered the grievous injuries and damages set forth above.

### COUNT II:
### 42 U.S.C. § 1983 Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments Against Individual Defendants Johnson, Wilmoth, Logan, Perkins, Wilson, Christopher, Rastkar, Green

92. Plaintiff incorporates by reference all of the foregoing paragraphs.

93. The Individual Defendants, acting individually and in concert with malice and knowing that probable cause did not exist to prosecute Merhdad Fotoohighiam for arson, intentionally caused Fotoohighiam and wrongfully imprisoned for nearly three years, thereby violating Fotoohighiam's clearly established right, under the Fourth and Fourteenth Amendments of the U.S. Constitution, to be free of prosecution absent probable cause.

94. The Individual Defendants, acting individually and in concert, fabricated evidence, withheld and misrepresented exculpatory evidence, and failed to

investigate in a manner that shocks the conscience, all of which resulted in an arrest and prosecution without probable cause.

95. The Individual Defendants performed the above-described acts under color of state law, intentionally, with reckless disregard for the truth, and with deliberate indifference to Fotoohighiam's clearly established constitutional rights. No reasonable officer would have believed this conduct was lawful.

96. Defendants held Fotoohighiam in jail and continued to prosecute Fotoohighiam even after James Hall, who allegedly committed the arson, was found not guilty in 2018.

97. On August 27, 2019, Fotoohighiam's was fully exonerated of the charges in a trial by jury.

98. The acts and omissions by the Individual Defendants described in the preceding paragraphs were the direct and proximate cause of Fotoohighiam's injuries because the Individual Defendants knew, or should have known, that their conduct would result in the wrongful arrest, prosecution, and imprisonment of Fotoohighiam.

## COUNT III:
### 42 U.S.C. § 1983 Civil Rights Conspiracy Against Individual Defendants Johnson, Wilmoth, Logan, Perkins, Wilson, Christopher, Rastkar, Green

99. Plaintiff incorporates by reference all the foregoing paragraphs.

100.      The acts and omissions by the Defendants described in the preceding paragraphs were the direct and proximate cause of Fotoohighiam's injuries because the Defendants knew, or should have known, that their conduct would

Case 2:24-cv-04142-MDH    Document 1    Filed 08/21/24    Page 18 of 28

result in the wrongful, arrest, prosecution, imprisonment, and deprivation of civil rights of Fotoohighiam.

101.    Defendants and others yet unknown agreed among themselves to act in concert to deprive Fotoohighiam of his clearly established constitutional rights as protected by the Fourth and Fourteenth Amendments, including his right not to be deprived of liberty and property without due process of law.

102.    Defendants engaged in and facilitated numerous overt acts in furtherance of the conspiracy, including but not limited to, the following:

a.  Acting in concert with each Detective, prosecutor, witnesses Jennifer Wilson, Marcia Green, Scott Christopher, Ali Rastkar, and other individuals used suggestion, manipulation, and pressure when speaking with Jennifer Wilson, Scott Christopher, and Ali Rastkar to fabricate false and unreliable statements, identifications, and incentivized their cooperation through various means including but not limited to removal of their criminal charges.

b.  Acting in concert with Defendants, detectives, prosecutors, and witnesses, Defendant Wilmoth fabricated false statements from Jennifer Wilson in order to inculpate Fotoohighiam, steer the investigation solely towards Fotoohighiam, and bolster their fabricated identifications from other witnesses including but not limited to Scott Christopher, Marcia Green, and others.

c. Acting in concert, Defendants fabricated false evidence that incriminated Fotoohighiam, including for the first time in trial claiming that Fotoohighiam had two motives to harm Marcia Green despite clearly testifying that there was no such proof to the claim.

d. Acting in concert to recklessly investigate the arson of Marcia Green's inhabitable structure, including fabricating false evidence and statements of Fotoohighiam's guilt, deliberately ignoring incriminating evidence against other potential suspects, deliberately ignoring and failing to investigate the homeowner after testifying that homeowners of an arson property are usually the first suspect and admitting in trial that the homeowner gave many conflicting statements, and failing to take any investigatory steps to develop or follow other leads as outlined for the first time in trial.

e. Acting in concert to recklessly and deliberately failing to follow any potentially exculpatory evidence.

f. Acting in concert to continue prosecuting Fotoohighiam and imprison him despite James Hall, the individual who allegedly caused the "arson", being found not guilty nearly a year before Fotoohighiam's trial.

103.   As a direct and proximate result of Defendants overt acts, Fotoohighiam was deprived of his constitutional rights, wrongly prosecuted, detained, and incarcerated for over 3 years; and subjected to other grievous injuries and damages as set forth above.

**42 U.S.C. § 1983 Failure to Intervene Against Individual Defendants Johnson, Wilmoth, Logan, Perkins, Wilson, Christopher, Rastkar, Green**

104.　　Plaintiff incorporates by reference all the foregoing paragraphs.

105.　　By their conduct and under color of state law, Defendants, acting withing the scope of their employment with CPD, had opportunities to intervene on behalf of Merhdad Fotoohighiam to prevent his wrongful arrest, wrongful imprisonment, abuse of process, and deprivation of liberty and property without due process of law, but with deliberate indifference, declined to do so.

106.　　Defendants' failures to intervene violated Fotoohighiam's clearly established constitutional right to be free from unreasonable search and seizure and not to be deprived of liberty and property without due process of law as guaranteed by the Fourth and Fourteenth Amendments. No reasonable police officer would have believed that failing to intervene to prevent the Defendants from fabricating inculpatory evidence, withholding material exculpatory evidence, deliberately failing to conduct a constitutionally adequate investigation, and causing Fotoohighiam to be arrested, imprisoned, and prosecuted without probable cause, were lawful.

107.　　Defendants' acts and omissions, as described in the preceding paragraphs, were the direct and proximate cause of Fotoohighiam's injuries. Defendants knew, or should have known, that their conduct would result in Fotoohighiam's wrongful arrest, prosecution, and imprisonment.

**COUNT V:**
**42 U.S.C. § 1983 Supervisor Liability Claim as to Columbia Police Department,**
**Individual Defendants Johnson, Wilmoth, Logan, Perkins**

108.     Plaintiff incorporates by reference all of the foregoing paragraphs.

109.     Fotoohighiam's wrongful arrest, confinement, prosecution, trial, and incarceration was caused by the unconstitutional action and inaction of Defendants Wilmoth, Logan, Perkins, and the prosecutors acting in their individual capacity and under color of law.

110.     Defendant Wilmoth directly participated in the misconduct that result in the wrongful arrest, prosecution, incarceration, and trial. Specifically, Defendant Wilmoth directed and lead the other Defendant detectives and unknown other investigators to apprehend Fotoohighiam without reliable evidence, approved reports containing fabricated evidence, and knew that the evidence implicating Fotoohighiam were unreliable and that any identification was only the result of coercion, suggestion, and leading.

111.     Defendant prosecutors directly participated in the misconduct that resulted in Fotoohighiam's wrongful arrest, prosecution, incarceration, and trial. Defendant prosecutors coerced, approved, directed, and/or acquiesced to detectives coercing witnesses to implicate Fotoohighiam despite knowing that the evidence was unreliable, false, manufactured, and based on suggestion and leading of Defendants. This was discovered after Plaintiff's trial through the affidavit of witness Jennifer Wilson.

112.    Defendant Wilmoth further reviewed and approved the application for charges submitted to the Boone County Prosecutors Office, despite the lack of reliable evidence. Defendant Wilmoth knew that Jennifer Wilson's and Scott Christophers identifications and statements were unreliable and only the result of their coercion, suggestion, and leading. As the direct supervisor, lead investigator, and person in charge of the investigation, Defendant Wilmoth was aware of the fabrications and either acquiesced to or directed them.

113.    Defendants Logan and Perkins intentionally and with deliberate motive to prosecute Fotoohighiam failed to investigate and examine the credibility of Defendants Wilson and Christopher.

114.    Defendants Wilmoth, Logan, Perkins, and the prosecution knowingly refused to terminate the wrongful prosecution of Fotoohighiam, which upon information and belief, they knew or should have known had been initiated based on fabricated evidence, and in spite of suppressed exculpatory information. As a result, Defendants knew or reasonably should have known that Fotoohighiam's constitutional rights to be free from unreasonable seizure and not to be deprived of liberty and property without due process of law would be violated.

115.    Defendant Wilmoth culpably failed to adequately train, supervise, discipline, and/or control their subordinates, including other investigators in the investigative team, who obtained and fabricated testimony, identification, evidence, ignored evidence suggesting Fotoohighiam's innocence, and

recklessly or otherwise failed to investigate the arson of Marcia Green's inhabitable structure.

116.     Defendants violated Fotoohighiam's constitutional rights by acquiescing in the deprivation of Fotoohighiam's constitutional rights by their subordinates, and by generally showing a reckless of callous indifference to Fotoohighiam's rights.

117.     Defendant's failure to train, supervise, discipline, and/or control their subordinates, their indifference to the actions of their subordinates, and their indifference to Fotoohighiam's rights, encouraged and permitted their subordinates to fabricate evidence, fail to document and disclose exculpatory evidence, ignore evidence suggesting Fotoohighiam's innocence, and recklessly or otherwise fail to investigate the arson of Marcia Greens' inhabitable structure.

118.     The actions and omissions of Defendants' caused Fotoohighiam to suffer constitutional deprivations and grievous personal injuries and damages described above.

### COUNT VI:
### Malicious Prosecution under Missouri state law Against Individual Defendants Johnson, Wilmoth, Logan, Perkins, Wilson, Christopher, Rastkar, Green

119.     Plaintiff incorporates by reference all of the foregoing paragraphs.

120.     The Individual Defendants, acting separately and in concert, individually and in their official capacities, did willfully, unlawfully, maliciously and without probable cause or legal justification, cause

Fotoohighiam to be prosecuted, detained, and wrongfully imprisoned for nearly three years for arson.

121.     Based on a lack of any physical evidence, and credible witness testimony, the Individual Defendants knew, or should have known, that Fotoohighiam was innocent. Nevertheless, without probable cause, the Individual Defendants caused the commencement of prosecution proceedings against Fotoohighiam. The Individual Defendants' conduct was actuated without any proper motive and with malice because the Individual Defendants knew that Fotoohighiam was not the actual perpetrator of the crime, yet they fabricated evidence against him.

122.     On August 27, 2019, Fotoohighiam's was acquitted of the charges in a trial by jury, after spending nearly three years in prison arrested for a crime he did not commit.

123.     As a direct and proximate result of the Individual Defendants' malicious prosecution of Fotoohighiam's, Fotoohighiam's was wrongfully detained and imprisoned for nearly three years for crimes he did not commit, and suffered the physical, emotional, and pecuniary damages as described above.

### COUNT VII:
### Respondent Superior under Missouri State Law
*Against the City of Columbia*

124.     Plaintiff incorporates by reference all of the foregoing paragraphs.

125.     Defendants were, at all relevant times, employed by the City of Columbia and/or the CPD.

126.     Defendants, were, at all relevant times, acting within the scope of their employment with the City of Columbia, Missouri, and/or the CPD in that their actions were in furtherance of the investigation of the arson of Marcia Green's inhabitable structure, which was the assigned responsibility of the Defendants.

127.     Accordingly, the City of Columbia is liable as principle for all torts committed by its agents and employees.

### COUNT VIII:
### *Monell* Claim for the Columbia Police Department and Boone County Prosecutors Office
### *Against the City of Columbia*

128.     Plaintiff incorporates by reference all of the foregoing paragraphs.

129.     The City of Columbia was at all relevant times responsible for the administrative policies, practices, and functions of the prosecutor's office.

130.     The Individual Defendant Officers and Detectives employed by and through the City of Columbia violated Fotoohighiam's clearly established constitutional rights.

131.     The violations against Fotoohighiam resulted from the City of Columbia's official policies, unofficial customs and because the city was deliberately indifferent in failing to train or supervise the officers and detectives investigating and prosecuting this case.

132.     The violations against Fotoohighiam were intentional, calculated and a result of the Columbia Police Department and Boone County Prosecutors'

deliberate culture of failing to oversee and/or confirm the veracity of their detective's investigations.

133.

**WHEREFORE**, Plaintiff MERHDAD FOTOOHIGHIAM prays as follows:

A.  That the Court award compensatory damages to Plaintiff and against all Defendants, jointly and severally, in an amount to be determined at trial;

B.  That the Court award punitive damages to Plaintiff, and against all individual Defendants in their individual capacity, in an amount to be determined at trial, that will deter such conduct by defendants in the future;

C.  For a trial by jury;

D.  For pre-judgment and post-judgment interest and recovery of Plaintiff's costs, including all reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims; and,

E.  For all other relief to which Plaintiff may be entitled.

Date: August 21, 2024

Respectfully submitted,

SEAN W. PICKETT & ASSOC., L. L.C.
by:  /s/Sean W. Pickett
Sean W. Pickett                    #46065
1501 Iron Street
Kansas City, Missouri 64116
(816) 472-1600
(816) 472-0200 FAX
swp@kclawoffice.com

Ahmad Zaher *
Advanta Law Firm, PLC
24300 Southfield Road, Suite
210, Southfield, MI 48075
Tel:  1.248.281.6299
Fax:  1.248.864.8554
azaher@advantalaw.com

Shiraz K. Khan *
The Shiraz Law Firm, PLLC.
30400 Telegraph Rd. Suite 380
Bingham Farms, MI. 48025
Tel: (248) 419-0678
Fax: (248) 817-4833
info@shirazlawfirm.com

*Attorneys not yet admitted to
the Western District of
Missouri; applications to
practice pro hac vice
forthcoming

**ATTORNEYS FOR
MERHDAD FOTOOHIGHIAM**