IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MERHDAD FOTOOHIGHIAM, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE CITY OF COLUMBIA, MISSOURI, ) <br> COLUMBIA POLICE DEPARTMENT ) <br> BOONE COUNTY PROSECUTORS OFFICE ) <br> and, ) <br> ) <br> PROSECUTOR ROGER JOHNSON, ) <br> OFFICER STEVEN LEE WILMOTH, ) <br> OFFICER JON LOGAN, OFFICER ) <br> ANTHONY PERKINS, in their official ) <br> capacities, and ) <br> ) <br> JENNIFER WILSON, SCOTT (SCOTTY) ) <br> CHRISTOPHER, ALI RASTKAR, MARCIA ) <br> GREEN, in their individual capacities, ) <br> ) <br> Defendants. ) | Case No. 2:24-cv-04142-MDH |

## ORDER

Before the Court is Defendants Boone County Prosecutor's Office, Boone County Prosecutor Roger Johnson, and Boone County Sheriff's Deputy Anthony Perkins's (collectively "Boone County Defendants") Motion to Dismiss Plaintiff's Complaint. (Doc. 40). Boone County Defendants filed suggestions in support (Doc. 41), Plaintiff filed suggestions in opposition (Docs 70 and 71) and Boone County Defendants have filed a reply. (Doc. 76). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Boone County Defendants' Motion to Dismiss Plaintiff's Complaint is **GRANTED**.

## BACKGROUND

1

This case arises from an incident on December 15, 2014, where a fire was set at Defendant Green's property and Plaintiff was subsequently arrested and later acquitted of conspiracy to commit arson in the first degree. Plaintiff was a resident of the State of Missouri at all times relevant to the Complaint. Defendant City of Columbia, Missouri is a constitutional charter city located in the State of Missouri. Defendant Steven Lee Wilmoth was an officer of the Columbia Police Department ("CPD"). Defendant Jon Logan was a detective with the CPD. Defendant Anthony Perkins was a detective with the CPD. Defendant CPD employed the officers acting under color of law and acting within the scope of its employment. Defendant Boone County Prosecutors Office is the Prosecutor's Office of Boone County, Missouri. Defendant Roger Johnson was the assistant prosecuting attorney in 2015 and is the current Prosecuting Attorney for the Boone County Prosecutor's Office. Defendant Jennifer Wilson is an individual residing in the City of Columbia, Missouri. Defendant Scott Christopher is an individual residing in the City of Columbia, Missouri. Defendant Ali Raastkar was an individual residing in the City of Columbia, Missouri. Defendant Marcia Green is an individual residing in the City of Columbia, Missouri and alleged victim of the arson.

On December 15, 2014, a fire was set at Defendant Marcia Green's property. Plaintiff was arrested and charged with conspiracy to commit arson of Defendant's Green property in 2015. Similarly, Defendant Green initiated a civil trial in the Boone County Circuit Court seeking damages against Plaintiff and other defendants for the fire and damage set to Defendant Green's property. In the civil case the Boone County Circuit Court ultimately found in favor Defendant Green against Plaintiff and held that Merhdad Fotoohighiam paid others in a conspiracy to burn down the dwelling of Marcia Green. Merhdad Fotoohighiam appealed to the Missouri Supreme Court which ultimately affirmed the Boone County Circuit Court's decision. In the criminal case

against Plaintiff, a jury ultimately found Plaintiff not guilty on all charges relating to the arson of Defendant Green's property.

Plaintiff now brings this current action, alleging eight counts against Defendants based upon alleged violations of his constitutional rights stemming from the criminal investigation and charges based upon the fire of Defendant Marcia Green's property. Plaintiff causes of action are: Count I – 42 U.S.C. § 1983 Deprivation of Liberty without Due Process of Law and Denial of a Fair Trial by Fabricating Evidence; Withholding Material Exculpatory and Impeachment Evidence, and Conducting a Reckless Investigation; Count II – 42 U.S.C. § 1983 Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments; Count III – 42 U.S.C. § 1983 Civil Rights Conspiracy; Count IV -42 U.S.C. § 1983 Failure to Intervene; Count V – 42 U.S.C. § 1983 Supervisor Liability; Count VI – Malicious Prosecution Under Missouri State Law; Count VII – Respondent Superior Under Missouri State Law and Count VIII – *Monell* Claim.

Boone County Defendants bring their Motion to Dismiss Plaintiff's Complaint arguing Plaintiff's claims are barred by collateral estoppel. Boone County Defendants additionally argue that there is no statutory authorization for the Boone County Prosecutor's Office to sue or be sued; Plaintiff fails to state a claim under *Monell v. Dep't of Social Services*; Plaintiff fails to state a claim against Defendants Roger Johnson or Deputy Perkins; that Boone County Prosecutor Roger Johnson is entitled to prosecutorial immunity; and that Deputy Perkins is entitled to qualified immunity. The Court will take each argument in turn.

**STANDARD OF REVIEW**

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010)

3

(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

### I. Collateral Estoppel

Boone County Defendants argue that Plaintiff was found liable for the arson of Defendant Marcia Green's property in a civil lawsuit which is the exact issue in Plaintiff's Complaint and thus collateral estoppel bars Plaintiff's claims.[1] Plaintiff argues that the issue in the civil case is different from that in the current action. Specifically, Plaintiff argues that the issue in this case is whether the named Defendants violated Plaintiff's constitutional rights with respect to its flawed and unconstitutional criminal investigation and subsequent unsuccessful criminal prosecution.

"Pursuant to federal law, judicial proceedings in one state will have the same full faith and credit in every court within the Untied States as they have by law in the courts of such state from

---

[1] Plaintiffs cite to 15BA-CV02239 – Marcia Green v. Mehrdad Fotoohighiam et al in the 13th Judicial Circuit Court of Boone County, Missouri. For the purpose of a motion to dismiss the Court will take judicial notice of this case and filings related to it pursuant to Federal Rule of Evidence 201. *See Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003).

which they are taken." *Charleston v. McCarthy*, 8 F.4th 772, 777 (8th Cir. 2021) (quoting *Haberer v. Woodbury Cnty.*, 188 F.3d 957, 961 (8th Cir. 1999). This applies "to issues decided by state courts even where the subsequent federal case is brought pursuant to 42 U.S.C. § 1983." *Id*.

> Under the doctrine of collateral estoppel "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."

*Charleston v. McCarthy*, 8 F.4th 772, 777 (8th Cir. 2021) (quoting *Turner v. U.S. Dep't of Just.*, 815 F.3d 1108, 1111 (8th Cir. 2016). Cours will look at state law in determining whether to apply issue preclusion. *Liberty Mut. Ins. Co. v. FAG Bearings Corp.*, 335 F.3d 752, 758 (8th Cir. 2003). Under Missouri law collateral estoppel is appropriate when:

> (1) the issue sought to be precluded is identical to the issue previously decided; (2) the prior action resulted in a final adjudication on the merits; (3) the party sought to be estopped was either a party or in privity with a party to the prior action; and (4) the party sought to be estopped was given a full and fair opportunity to be heard on the issue in the prior action.

*Irving v. Dormire*, 586 f.3d 645, 648 (8th Cir. 2009) (citing *Ripplin Shoals Land Co. v. U.S. Army Corps of Eng'rs*, 440 F.3d 1038, 1044 (8th Cir. 2006)). The Court will analyze the current action based on the factors articulated above.

### a. Identical Issues

Boone County Defendants argue that the issue decided in the prior adjudication was that Plaintiff was responsible for the December 15, 2014, fire of Defendant Green's property. Boone County Defendants further argue that Plaintiff denies any responsibility for or involvement with the fire of Defendant Green's property in this case. Boone County Defendants argue Plaintiff's Complaint is based on various violations of his constitutional rights, stemming from the underlying

5

incident regarding the fire at Defendant Green's property. Plaintiff argues that he is not attempting to relitigate in this case whether he was responsible for the fire but rather seeks to find Defendants liable for violating his federal constitutional rights. Plaintiff further argues that the issue in this case is whether the named Defendants violated Plaintiff's constitutional rights with respect to its flawed and unconstitutional criminal investigation and subsequent unsuccessful criminal prosecution of the Plaintiff.

For collateral estoppel to preclude an issue, the issue must be identical to the issue previously decided. The party seeking collateral estoppel has the burden "to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding." *Irving v. Dormire*, 586 F.3d 645, 648 (8th Cir. 2009) (quoting *Dowling v. United States*, 493 U.S. 342, 350, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990)). The Court "must examine the record of the prior proceeding, including the pleadings and evidence, keeping in mind that the party asserting the preclusion bears the burden of showing 'with clarity and certainty what was determined by the prior judgment.'" *Wellons, Inc. v. T.E. Ibberson Co.*, 869 F.2d 1166, 1168 (8th Cir. 1989) (quoting *Jones v. City of Alton, Ill.*, 757 F.2d 878, 885 (7th Cir. 1985)). The doctrine of collateral estoppel applies to matters necessarily decided in the former judgment even if there is no specific finding or reference thereto. *Irving v. Dormire*, 586 F.3d 645, 648 (8th Cir. 2009) (citing *Nelson v. Swing-A-Way Mfg. Co.*, 266 F.2d 184, 187 (8th Cir. 1959)).

In 15BA-CV02239 – *Marcia Green v. Mehrdad Fotoohighiam et. al*. the Circuit Court of Boone County, Missouri stated:

> The Court has read the statement of uncontroverted facts submitted by the [Marcia Green] which recite that defendant Fotoohighiam admitted to a Mr. Louis Spano that he paid a Mr. Reed and defendant Hall to burn [Marcia Green's] trailer. Mr. Scotty Christopher stated that defendant Fotoohighiam offered defendant Hall and

6

> himself $500 to set [Marcia Green's] mobile home on fire. Defendant Fotoohighiam actually paid Mr. Christopher $500 to set [Marcia Green's] mobile home on fire. All these averments are supported by deposition testimony.…The undenied facts are that defendant Fotoohighiam paid others in a conspiracy to burn down the dwelling of [Marcia Green]. Those co-conspirators did burn that dwelling down causing [Marcia Green] damage. There is no contravention of these ultimate issues. They are found to be true.

(Doc. 19-4, pages 3-4). The Circuit Court of Boone County, Missouri then entered Partial Summary Judgment in favor of Defendant Green against Plaintiff. Plaintiff then appealed the Boone County Circuit Court's decision to the Missouri State Supreme Court, which affirmed the decision of the Circuit Court. *See Green v. Fotoohighiam*, 606 S.W.3d 113, 122 (Mo. 2020).

The Court finds that the issue in 15BA-CV02239 – *Marcia Green v. Mehrdad Fotoohighiam* and the issue in the current action here are identical. Here Plaintiff's Complaint alleges:

> Upon information and belief, Marcia Green in concert with other Defendants set fire to her own property and fabricated a storyline to directly place the blame on Merhadad Fotoohighiam for allegedly directing his tenant and employee James Hall to set fire to her mobile home.

(Complaint ¶ 30). Plaintiff alleges eight counts that stem from Plaintiff theory, as quoted above, that Defendants caused Plaintiff to be improperly arrested, imprisoned, unfairly tried and forced to serve three years in jail for crimes he did not commit. (Complaint ¶ 68). Plaintiff's contention is that he was not responsible for the fire and that due to Defendants acting in concert he was deprived of his liberty for three years. However, the Circuit Court of Boone County looked at the issue of who was responsible for the fire of Defendant's Green's property. The Circuit Court of Boone County found based on the statement of uncontroverted facts that Plaintiff was liable for the fire. Plaintiff even appealed to the Missouri State Supreme Court that affirmed the decision of the Circuit Court. While Plaintiff seeks redress based on the alleged violations of his constitutional rights, this Court finds that his theory on which he bases his complaint is identical to the issue

7

brought before the Circuit Court of Boone County. Plaintiff's constitutional rights were not infringed by the criminal investigation or prosecution if he intentionally created the fire which was the conclusion of the civil proceeding.

### b. Final Adjudication on the Merits

Boone County Defendants argue that the prior adjudication was the result of a summary judgment motion and that the finding of liability of Plaintiff for the fire at Defendant Green's proeprty was affirmed by the Missouri Supreme Court. Boone County Defendants argue this is considered a final adjudication on the merits. Plaintiff does not raise an argument as to the second factor. The Court finds that Circuit Court of Boone County's Partial Summary Judgment and Plaintiff's subsequent appeal to the Missouri Supreme Court is considered a final adjudication on the merits.

### c. Party or in Privity with a Party to the Prior Action

Boone County Defendants argue that the Plaintiff n this lawsuit, Mehrdad Fotoohighiam, is the same individual against whom the judgment in the Boone County Circuit Court case was entered. Thus, Boone County Defendants argue that the third factor is satisfied. Plaintiff does not raise an argument as to the third factor. The Court finds that Mehrdad Fotoohighiam was a Defendant in 15BA-CV02239 – *Marcia Green v. Mehrdad Fotoohighiam et al.* and is the Plaintiff in the current action. As such, the Court finds that Plaintiff was a party to the prior action.

### d. Full and Fair Opportunity to be Heard on the Issue

Boone County Defendants lastly argue that the partial summary judgment (Doc. 19-4) shows that Plaintiff had the opportunity to fully litigate his responsibility for the fire. Additionally,

8

Boone County Defendants argue that Plaintiff availed himself of the opportunity to appeal to the Missouri Supreme Court, which affirmed his liability for the fire. Plaintiff does not raise an argument as to the fourth factor.

The party to be estopped must have had a full and fair opportunity to be heard on the issue in the prior action. The Supreme Court has held that "[r]edetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." *Irving v. Dormire*, 586 F.3d 645, 648 (8th Cir. 2009) (quoting *Montana v. United States*, 440 U.S. 147, 164 n.11, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). To satisfy the full and fair opportunity to litigate element, the issue must have been raised in the prior proceeding and "necessarily determined on the merits." *Irving v. Dormire*, 586 F.3d 645, 648 (8th Cir. 2009) (quoting *Simmons v. O'Brien*, 77 F.3d 1093, 1097 n.4 (8th Cir. 1996)). The party must have the opportunity to litigate the issue; issue preclusion will apply even if the party does not take advantage of that opportunity. *Id*.

Here, Plaintiff had a full and fair opportunity to be heard on the issue of the fire in the underlying state court civil action. The Boone County Defendants were not parties to the civil action and cannot personally be held responsible for the outcome of the civil litigation. Plaintiff also received a full and fair opportunity to appeal the Circuit Court's decision which he made to the Missouri Supreme Court. Thus, the Court finds that Plaintiff did have a full and fair opportunity to be heard on the issue. The Court having found the issue of the fire set on December 15, 2014, meets the criteria for collateral estoppel, the Court finds that issue is precluded from being relitigated in this action. For the reasons stated, Boone County Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim is **GRANTED**.

II. Other Arguments

9

Case 2:24-cv-04142-MDH     Document 113     Filed 08/28/25     Page 9 of 10

Boone County Defendants raise additional arguments in support of their Motion to Dismiss Plaintiff's Complaint. Some of those grounds may ultimately have been found meritorious, however, given the Court's granting of Boone County Defendants' Motion to Dismiss based upon collateral estoppel, the Court need not evaluate Boone County Defendants' other arguments.

## CONCLUSION

For the reasons set forth, Boone County Defendants' Motion to Dismiss Plaintiff's Complaint is **GRANTED**.

**IT IS SO ORDERED**.

DATED: August 28, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**