IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MERHDAD FOTOOHIGHIAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 2:24-cv-04142-MDH |
| THE CITY OF COLUMBIA, MISSOURI, ) | |
| COLUMBIA POLICE DEPARTMENT ) | |
| BOONE COUNTY PROSECUTORS OFFICE ) | |
| and, ) | |
| ) | |
| PROSECUTOR ROGER JOHNSON, ) | |
| OFFICER STEVEN LEE WILMOTH, ) | |
| OFFICER JON LOGAN, OFFICER ) | |
| ANTHONY PERKINS, in their official ) | |
| capacities, and ) | |
| ) | |
| JENNIFER WILSON, SCOTT (SCOTTY) ) | |
| CHRISTOPHER, ALI RASTKAR, MARCIA ) | |
| GREEN, in their individual capacities, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is Defendants City of Columbia, Missouri and Columbia Police Department's[1] (collectively "City Defendants") Motion for Summary Judgment. (Doc. 18). City Defendants filed suggestions in support (Doc. 19), Plaintiff filed suggestions in opposition (Docs. 33 and 34) and City Defendants have filed a reply. (Doc. 37). The motion is now ripe for adjudication on the merits. For the reasons stated herein, City Defendants' Motion for Summary Judgment is **GRANTED**.

---

[1] City Defendants argue that Columbia Police Department is not a suable entity and thus should be dismissed from the case. The Court agrees that the Columbia Police Department is a local government entity which lacks the capacity to be sued under the applicable state law may not be sued in federal court under the provisions of Federal Rule of Civil Procedure 17. See Catlett v. Jefferson Cnty., 299 F. Supp. 2d 967, 968–69 (E.D. Mo. 2004).

1

**BACKGROUND**

This case arises from an incident on December 15, 2014, where a fire was set at Defendant Green's property and Plaintiff was subsequently arrested and later acquitted of conspiracy to commit arson in the first degree. Plaintiff was a resident of the State of Missouri at all times relevant to the Complaint. Defendant City of Columbia, Missouri is a constitutional charter city located in the State of Missouri. Defendant Steven Lee Wilmoth was an officer of the Columbia Police Department ("CPD"). Defendant Jon Logan was a detective with the CPD. Defendant Anthony Perkins was a detective with the CPD. Defendant CPD employed the officers acting under color of law and acting within the scope of its employment. Defendant Boone County Prosecutors Office is the Prosecutor's Office of Boone County, Missouri. Defendant Roger Johnson was the assistant prosecuting attorney in 2015 and is the current Prosecuting Attorney for the Boone County Prosecutor's Office. Defendant Jennifer Wilson is an individual residing in the City of Columbia, Missouri. Defendant Scott Christopher is an individual residing in the City of Columbia, Missouri. Defendant Ali Raastkar was an individual residing in the City of Columbia, Missouri. Defendant Marcia Green is an individual residing in the City of Columbia, Missouri and alleged victim of the arson.

On December 15, 2014, a fire was set at Defendant Marcia Green's property. Plaintiff was arrested and charged with conspiracy to commit arson of Defendant's Green property in 2015. Similarly, Defendant Green initiated a civil trial in the Boone County Circuit Court seeking damages against Plaintiff and other defendants for the fire and damage set to Defendant Green's property. In the civil case the Boone County Circuit Court ultimately found in favor Defendant Green against Plaintiff and held that Merhdad Fotoohighiam paid others in a conspiracy to burn down the dwelling of Marcia Green. Merhdad Fotoohighiam appealed to the Missouri Supreme

Court which ultimately affirmed the Boone County Circuit Court's decision. In the criminal case against Plaintiff, a jury ultimately found Plaintiff not guilty on all charges relating to the arson of Defendant Green's property.

Plaintiff now brings this current action, alleging eight counts against Defendants based upon alleged violations of his constitutional rights stemming from the criminal investigation and charges based upon the fire of Defendant Marcia Green's property. Plaintiff causes of action are: Count I – 42 U.S.C. § 1983 Deprivation of Liberty without Due Process of Law and Denial of a Fair Trial by Fabricating Evidence; Withholding Material Exculpatory and Impeachment Evidence, and Conducting a Reckless Investigation; Count II – 42 U.S.C. § 1983 Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments; Count III – 42 U.S.C. § 1983 Civil Rights Conspiracy; Count IV -42 U.S.C. § 1983 Failure to Intervene; Count V – 42 U.S.C. § 1983 Supervisor Liability; Count VI – Malicious Prosecution Under Missouri State Law; Count VII – Respondent Superior Under Missouri State Law and Count VIII – *Monell* Claim.

City Defendants bring their Motion for Summary Judgment arguing the issue of whether Plaintiff is responsible for the fire, which is the subject of this lawsuit has previously been judicially determined. City Defendants argue that Plaintiff was found responsible and the claims and theories of recovery presented in this lawsuit are barred by collateral estoppel. City Defendants further argue that Summary Judgement is appropriate because a valid theory of recovery has not been pleaded against either the City of Columbia or the Columbia Police Department. The Court will take each argument in turn.

**STANDARD OF REVIEW**

3

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## ANALYSIS

Before the Court can proceed on its analysis of City Defendants' Summary Judgment Motion, Plaintiff raises the issue of summary judgment being premature at this time. As such, the Court will first examine whether summary judgment is appropriate at this stage of the litigation.

### I. Summary Judgment Before Conclusion of Discovery

Plaintiff argues that granting City Defendants' Motion for Summary Judgment would be premature because discovery has not commenced, nor has it been completed. Plaintiff further argues that counsel has field a declaration under Federal Rule of Civil Procedure 56(d), which sets forth the specific facts that Plaintiff hopes to elicit from further discovery, Plaintiff's counsel's declaration attests that the facts sought do in fact exist, and that these sought after facts are

'essential" to resist City Defendants' Motion for Summary Judgment. City Defendants argue that the issues of law which are raised in its Motion for Summary Judgment are ones for which discovery is not needed. Additionally, City Defendants argue that Plaintiff has offered no viable explanation as to why discovery is needed as to any of the legal issues which are pending in the summary judgment motion.

Federal Rule of Civil Procedure 56(d) provides the procedure for a nonmovant who is unable to "present facts essential to justify its opposition." It states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). "As a general rule, summary judgment is proper 'only after the nonmovant has had adequate time for discovery.'" *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.*, 687 F.3d 1045, 1049 (8th Cir. 2012) (quoting *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999)). "Nonmovants may request a continuance under Rule 56([d]) until adequate discovery has been completed if they otherwise cannot present facts sufficient to justify their opposition. This option exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment." *Id*. at 1050 (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "To obtain a Rule 56([d]) continuance, the party opposing summary judgment must file an affidavit 'affirmatively demonstrating … how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Ray v. American Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010) (quoting *Humphreys v. Roche Biomedical Lab., Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993)). The party seeking additional discovery must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the

5

facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014) (quoting *State of Cal., on Behalf of Cal. Dep't of Toxic Subs. Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)).

Here, Plaintiff has failed to show that the sought-after facts are essential to resist the summary judgment motion. Plaintiff has filed his affidavit pursuant to Federal Rule of Civil Procedure 56(d) in support of his request to the Court to deny Plaintiff's Summary Judgment Motion. Plaintiff affidavit states he "seeks essential facts regarding the City of Columbia's policies, procedures, investigative guidelines, training, supervision, unredacted documents, and deposition testimony[.]" (Doc. 33-1, ¶ 2). Plaintiff's affidavit then goes onto the specific items he hopes to receive in discovery and items he has in his possession he asserts creates a genuine issue of material fact, such as recordings he had with Defendant Green in November of 2024. Plaintiff asserts:

> [t]hese facts are essential to resist summary judgment because it goes directly to the heart of the issue in this case; the deliberate failure to train and supervise its officers, and its custom of allowing brand new detectives to lead investigations they have never previously conducted before.

(Doc. 33-1, ¶ 23). However, the threshold issue in City Defendant's Motion for Summary Judgment is one of issue preclusion and whether the prior judicial finding of Plaintiff's responsibility for the fire to Defendant Green's property prevents Plaintiff from bringing his theories of recovery asserted against the City Defendants inconsistent with the prior judicial determinations. Plaintiff's affidavit fails to include any discovery as it relates to this issue. Each item raised in Plaintiff's affidavit does not touch upon the issues raised in City Defendants' Motion for Summary Judgment. As such, to the extent Plaintiff seeks to have the Court deny, or withhold, City Defendant's Motion for Summary Judgment, it is **DENIED**.

6

## II. Collateral Estoppel

City Defendants argue the issue of whether Plaintiff is responsible for the fire, which is the subject of this lawsuit has previously been judicially determined. City Defendants argue that Plaintiff was found responsible and the claims and theories of recovery presented in this lawsuit are barred by collateral estoppel. Plaintiff argues he is not attempting to relitigate in this case whether he was responsible for the fire but rather seeks to find Defendants liable for violating his federal constitutional rights.

"Pursuant to federal law, judicial proceedings in one state will have the same full faith and credit in every court within the United States as they have by law in the courts of such state from which they are taken." *Charleston v. McCarthy*, 8 F.4th 772, 777 (8th Cir. 2021) (quoting *Haberer v. Woodbury Cnty.*, 188 F.3d 957, 961 (8th Cir. 1999). This applies "to issues decided by state courts even where the subsequent federal case is brought pursuant to 42 U.S.C. § 1983." *Id*.

> Under the doctrine of collateral estoppel "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."

*Charleston v. McCarthy*, 8 F.4th 772, 777 (8th Cir. 2021) (quoting *Turner v. U.S. Dep't of Just.*, 815 F.3d 1108, 1111 (8th Cir. 2016). Cours will look at state law in determining whether to apply issue preclusion. *Liberty Mut. Ins. Co. v. FAG Bearings Corp.*, 335 F.3d 752, 758 (8th Cir. 2003). Under Missouri law collateral estoppel is appropriate when:

> (1) the issue sought to be precluded is identical to the issue previously decided; (2) the prior action resulted in a final adjudication on the merits; (3) the party sought to be estopped was either a party or in privity with a party to the prior action; and (4) the party sought to be estopped was given a full and fair opportunity to be heard on the issue in the prior action.

*Irving v. Dormire*, 586 f.3d 645, 648 (8th Cir. 2009) (citing *Ripplin Shoals Land Co. v. U.S. Army Corps of Eng'rs*, 440 F.3d 1038, 1044 (8th Cir. 2006)). The Court will analyze the current action based on the factors articulated above.

### a. Identical Issues

City Defendants argue that the issue decided in the prior adjudication is the same issue at the heart of this case. Specifically, the issue of whether Plaintiff Fotoohighiam was responsible for the December 15, 2014, fire of Marcia Green's property. City Defendants further argue that in this current action Plaintiff denies any responsibility for, or involvement with, the fire of Defendant Marcia Green's property. Plaintiff argues that the issue in this case is whether the named Defendants violated Plaintiff's constitutional rights with respect to its flawed and unconstitutional criminal investigation and subsequent unsuccessful criminal prosecution of Plaintiff. Plaintiff also asserts that since none of the elements for the eight counts in his Complaint are identical to the claims in Defendant Green's civil case, collateral estoppel does not apply.

For collateral estoppel to preclude an issue, the issue must be identical to the issue previously decided. The party seeking collateral estoppel has the burden "to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding." *Irving v. Dormire*, 586 F.3d 645, 648 (8th Cir. 2009) (quoting *Dowling v. United States*, 493 U.S. 342, 350, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990)). The Court "must examine the record of the prior proceeding, including the pleadings and evidence, keeping in mind that the party asserting the preclusion bears the burden of showing 'with clarity and certainty what was determined by the prior judgment.'" *Wellons, Inc. v. T.E. Ibberson Co.*, 869 F.2d 1166, 1168 (8th Cir. 1989) (quoting *Jones v. City of Alton, Ill.*, 757 F.2d 878, 885 (7th Cir. 1985)). The doctrine of collateral estoppel

8

applies to matters necessarily decided in the former judgment even if there is no specific finding or reference thereto. *Irving v. Dormire*, 586 F.3d 645, 648 (8th Cir. 2009) (citing *Nelson v. Swing-A-Way Mfg. Co.*, 266 F.2d 184, 187 (8th Cir. 1959)).

In 15BA-CV02239 – *Marcia Green v. Mehrdad Fotoohighiam et. al.* the Circuit Court of Boone County, Missouri stated:

> The Court has read the statement of uncontroverted facts submitted by [Marcia Green] which recite that defendant Fotoohighiam admitted to a Mr. Louis Spano that he paid a Mr. Reed and defendant Hall to burn [Marcia Green's] trailer. Mr. Scotty Christopher stated that defendant Fotoohighiam offered defendant Hall and himself $500 to set [Marcia Green's] mobile home on fire. Defendant Fotoohighiam actually paid Mr. Christopher $500 to set [Marcia Green's] mobile home on fire. All these averments are supported by deposition testimony.…The undenied facts are that defendant Fotoohighiam paid others in a conspiracy to burn down the dwelling of [Marcia Green]. Those co-conspirators did burn that dwelling down causing [Marcia Green] damage. There is no contravention of these ultimate issues. They are found to be true.

(Doc. 19-4, pages 3-4). The Circuit Court of Boone County, Missouri then entered Partial Summary Judgment in favor of Defendant Green against Plaintiff. Plaintiff then appealed the Boone County Circuit Court's decision to the Missouri State Supreme Court, which affirmed the decision of the Circuit Court. *See Green v. Fotoohighiam*, 606 S.W.3d 113, 122 (Mo. 2020).

The Court finds that the issue in 15BA-CV02239 – *Marcia Green v. Mehrdad Fotoohighiam* and the issue in the current action here are identical. Here Plaintiff's Complaint alleges:

> Upon information and belief, Marcia Green in concert with other Defendants set fire to her own property and fabricated a storyline to directly place the blame on Merhadad Fotoohighiam for allegedly directing his tenant and employee James Hall to set fire to her mobile home.

(Complaint ¶ 30). Plaintiff alleges eight counts that stem from his theory, as quoted above, that Defendants caused Plaintiff to be improperly arrested, imprisoned, unfairly tried and forced to

9

serve three years in jail for crimes he did not commit. (Complaint ¶ 68). Plaintiff's contention is that he was not responsible for the fire and that due to Defendants acting in concert he was deprived of his liberty for three years. However, the Circuit Court of Boone County looked at the issue of who was responsible for the fire of Defendant's Green's property. The Circuit Court of Boone County found based on the statement of uncontroverted facts that Plaintiff was liable for the fire. Plaintiff even appealed to the Missouri State Supreme Court, which affirmed the decision of the Circuit Court. While Plaintiff seeks redress based on the alleged violations of his constitutional rights, this Court finds that his theory on which he bases his complaint is identical to the issue brought before the Circuit Court of Boone County. Plaintiff's constitutional rights were not infringed by the criminal investigation or prosecution as a matter of law if he intentionally created the fire or hired others to do so. The Circuit Court of Boone County, Missouri found Plaintiff responsible for the fire, which the Missouri Supreme Court affirmed. The fact that in a criminal prosecution a jury did not find proof of Plaintiff's crime on a standard of beyond a reasonable doubt does not demonstrate the Defendants acted without reasonable suspicion or probable cause.

### b. Final Adjudication on the Merits

City Defendants argue that the prior adjudication in the Circuit Court of Boone County, Missouri was the result of a summary judgment motion, and that summary judgment is a determination on the merits for collateral estoppel purposes. City Defendants additionally argue that the finding of liability of Plaintiff for the fire was affirmed by the Missouri Supreme Court. Plaintiff does not make an argument as to the second factor for collateral estoppel. The Court finds that Circuit Court of Boone County's Partial Summary Judgment and Plaintiff's subsequent appeal to the Missouri Supreme Court is a final adjudication on the merits.

### c. Party or in Privity with a Party to the Prior Action

City Defendants argue that Plaintiff in the lawsuit at bar, Mehrdad Fotoohighiam, is the same individual against whom the judgment in the Boone County Circuit Court case was entered. Plaintiff does not make an argument as to the third factor for collateral estoppel. The Court finds that Mehrdad Fotoohighiam was a Defendant in 15BA-CV02239 – *Marcia Green v. Mehrdad Fotoohighiam et al.* and is the Plaintiff in the current action. As such, the Court finds that Plaintiff was a party to the prior action.

### d. Full and Fair Opportunity to be Heard on the Issue

City Defendants argue Plaintiff had the opportunity to fully litigate his responsibility for the fire at issue in this lawsuit. City Defendants further argue that Plaintiff availed himself of the opportunity to appeal to the Missouri Supreme court, which affirmed his liability. Plaintiff does not make an argument as to the fourth factor for collateral estoppel.

The party to be estopped must have had a full and fair opportunity to be heard on the issue in the prior action. The Supreme Court has held that "[r]edetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." *Irving v. Dormire*, 586 F.3d 645, 648 (8th Cir. 2009) (quoting *Montana v. United States*, 440 U.S. 147, 164 n.11, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). To satisfy the full and fair opportunity to litigate element, the issue must have been raised in the prior proceeding and "necessarily determined on the merits." *Irving v. Dormire*, 586 F.3d 645, 648 (8th Cir. 2009) (quoting *Simmons v. O'Brien*, 77 F.3d 1093, 1097 n.4 (8th Cir. 1996)). The party must have the opportunity to litigate the issue; issue preclusion will apply even if the party does not take advantage of that opportunity. *Id*.

Here, Plaintiff had a full and fair opportunity to be heard on the issue of the fire in the underlying state court civil action. The City Defendants were not parties to the civil action and cannot personally be held responsible for the outcome of the civil litigation. Plaintiff also received a full and fair opportunity to appeal the Circuit Court's decision which he made to the Missouri Supreme Court. Thus, the Court finds that Plaintiff did have a full and fair opportunity to be heard on the issue. The Court having found the issue of the fire set on December 15, 2014, meets the criteria for collateral estoppel, the Court finds that issue is precluded from being relitigated in this action. For the reasons stated, the Court finds there is no genuine issue of material fact as to the prior adjudication in the Circuit Court of Boone County for collateral estoppel purposes. As such, City Defendants' Motion for Summary Judgment is **GRANTED**.

## III.    Other Arguments

City Defendants raise additional arguments in support of their Summary Judgment Motion. Some of those grounds may ultimately have been found meritorious, however, given the Court's granting of summary judgment based upon collateral estoppel, the Court need not evaluate City Defendants' other arguments.

## CONCLUSION

For the reasons set forth, City Defendants' Motion for Summary Judgment is **GRANTED**. Summary Judgment is hereby entered in favor of Defendants City of Columbia, Missouri and Columbia Police Department.

**IT IS SO ORDERED**.

DATED: September 4, 2025

                                           */s/ Douglas Harpool*
                                           **DOUGLAS HARPOOL**
                                           **UNITED STATES DISTRICT JUDGE**