## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| **MERHDAD FOTOOHIGHIAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 2:24-cv-04142-MDH** |
| **THE CITY OF COLUMBIA, MISSOURI,** | ) | |
| **COLUMBIA POLICE DEPARTMENT** | ) | |
| **BOONE COUNTY PROSECUTORS OFFICE** | ) | |
| **and,** | ) | |
| | ) | |
| **PROSECUTOR ROGER JOHNSON,** | ) | |
| **OFFICER STEVEN LEE WILMOTH,** | ) | |
| **OFFICER JON LOGAN, OFFICER** | ) | |
| **ANTHONY PERKINS, in their official** | ) | |
| **capacities, and** | ) | |
| | ) | |
| **JENNIFER WILSON, SCOTT (SCOTTY)** | ) | |
| **CHRISTOPHER, ALI RASTKAR, MARCIA** | ) | |
| **GREEN, in their individual capacities,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is the issue of whether Plaintiff has properly served Defendant Ali Rastkar

in this case. Plaintiff filed a motion for Default Judgment as to Ali Rastkar (Doc. 82) and Defendant

Rastkar filed suggestions in opposition. (Doc. 102). Plaintiff has failed to file a reply and the time

to do so has elapsed. The motion is now ripe for adjudication on the merits. For the reasons stated

herein, Plaintiff's Motion for Default Judgment as to Ali Rastkar is **DENIED**.

## BACKGROUND

On May 30, 2025, a Return of Service of Complaint was filed showing Defendant Ali

Rastkar was served on May 20, 2025, at an address listed of 6208 S. Ridgewood Road, Columbia,

Missouri 65203. (Doc. 79). The Return of Service indicated that the "documents were served to a male individual who identified himself as Abdolreza Rastkar. He stated that he is the father of Ali Rastkar and confirmed that Ali resides at 6208 S Ridgewood Rd, Columbia, Mo 65203." *Id*. On June 30, 2025, Plaintiff filed a Motion for Default Judgment as to Ali Rastkar, asking for the Clerk of the Court to enter default against Defendant Rastkar for failing to respond to Plaintiff's Complaint. (Doc. 82). On July 7, 2025, Defendant Rastkar filed a *pro se* notice to the Court that he received an email from his father's care giving team about the attempted service of process; that he does not live nor speak to his father; and that he had moved to Colorado beginning in March of 2025. (Doc. 84). The same day, this Court ordered Plaintiff to respond to the issue of effective service of process raised in the notice of filing. (Doc. 85).

On July 22, 2025, Plaintiff filed his response to the issue of effective service of process upon Defendant Ali Rastkar and to Defendant Ali Rastkar's Motion for Extension of Time to Respond to Plaintiff's Second Amended Complaint. (Doc. 102). Plaintiff argues that the process server issued an affidavit of service detailing his encounter with Mr. Rastkar's father, Abdolreza Rastkar, and confirmed that he appeared to be of sound mind and competence, responding to his questions clearly and appropriately. (Doc. 102-1). Abdolreza Rastkar stated that he would ensure Ali Rastkar would receive the papers later that evening. *Id*. Plaintiff states that this is sufficient for compliance with the rules of civil procedure and properly made service upon Defendant Rastkar based on the information provided.

**ANALYSIS**

I.      **Service of Process**

Plaintiff contends that Defendant Rastkar was properly served with the Summons and Complaint on May 20, 2025, at the address listed of 6208 S. Ridgewood Road, Columbia, Missouri. Defendant Rastkar argues that service was not proper as he moved to Colorado and that the address listed was his father's.

Proper service is essential for a court to exercise jurisdiction over a party. *Johnston v. Canadian Pac. Kansas City Ltd.*, No. CV 24-4394 (JRT/SGE), 2025 WL 1592376, at *4 (D. Minn. June 5, 2025) (citing *Murphy Bros v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)). Questions concerning a court's jurisdiction must be resolved before considering any matter on the merits. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001). Federal Rule of Civil Procedure 4(e) governs serving an individual within a judicial district of the United States. It states:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
>> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>>
>> (2) doing any of the following:
>>
>>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>>
>>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>>
>>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

The Court finds that service on Defendant Ali Rastkar was not proper. Defendant Rastkar, as submitted by affidavit, attests that in March of 2025 he left Missouri to live in Colorado and has

not lived with his father in Missouri since that date. (Doc. 93-1). As such, Plaintiff was not served at his dwelling or usual place of abode and service of process was improper in this case. Thus, the Court finds that entry of default as to Defendant Rastkar is inappropriate at this time.

## II.     Dismissal for Improper Service of Process

Federal Rule of Civil Procedure 4(m) governs the time limit for service. It states in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extent the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Here, Plaintiff would be outside the time to serve as outline in Federal Rule of Civil Procedure 4(m). However, the Court finds that Plaintiff had good cause for the failure, as evident by the Affidavit of Service that Defendant Rastkar had been properly served and proceed in this case under that assumption. (Doc. 102-1). As such, the Court will not dismiss Defendant Rastkar at this time and instead will allow Plaintiff thirty (30) days from this Order to effectuate service upon Defendant Rastkar.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Default Judgment is **DENIED**. It is FURTHER ORDERED that Plaintiff is to serve Defendant Rastkar within thirty (30) days of this Order or risk Defendant Rastkar being dismissed from the case.  Once Defendant Rastkar is properly served he will have fifteen (15) days from the service date to file a response to Plaintiff's Complaint pursuant to the Court's July 15, 2025, Order granting Defendant Rastkar's Motion for Extension of Time. (Doc. 97).

4

**IT IS SO ORDERED**.

DATED: October 2, 2025

<u>/s/ Douglas Harpool</u>
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**