IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MERHDAD FOTOOHIGHIAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 2:24-cv-04142-MDH |
| THE CITY OF COLUMBIA, MISSOURI, ) | |
| COLUMBIA POLICE DEPARTMENT ) | |
| BOONE COUNTY PROSECUTORS OFFICE ) | |
| and, ) | |
| ) | |
| PROSECUTOR ROGER JOHNSON, ) | |
| OFFICER STEVEN LEE WILMOTH, ) | |
| OFFICER JON LOGAN, OFFICER ) | |
| ANTHONY PERKINS, in their official ) | |
| capacities, and ) | |
| ) | |
| JENNIFER WILSON, SCOTT (SCOTTY) ) | |
| CHRISTOPHER, ALI RASTKAR, MARCIA ) | |
| GREEN, in their individual capacities, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendant Marcia Green's Motion to Dismiss. (Doc. 94). Defendant Green filed suggestions in support (Doc. 95), Plaintiff filed suggestions in opposition (Docs. 117 and 118) and Defendant Green has filed a reply. (Doc. 120). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Defendant Green's Motion to Dismiss is **GRANTED**.

## BACKGROUND

This case arises from an incident on December 15, 2014, where a fire was set at Defendant Green's property and Plaintiff was subsequently arrested and later acquitted of conspiracy to

1

commit arson in the first degree. Plaintiff was a resident of the State of Missouri at all times relevant to the Complaint. Defendant City of Columbia, Missouri is a constitutional charter city located in the State of Missouri. Defendant Steven Lee Wilmoth was an officer of the Columbia Police Department ("CPD"). Defendant Jon Logan was a detective with the CPD. Defendant Anthony Perkins was a detective with the CPD. Defendant CPD employed the officers acting under color of law and acting within the scope of its employment. Defendant Boone County Prosecutors Office is the Prosecutor's Office of Boone County, Missouri. Defendant Roger Johnson was the assistant prosecuting attorney in 2015 and is the current Prosecuting Attorney for the Boone County Prosecutor's Office. Defendants Jennifer Wilson, Scott Christopher and Ali Raastkar are individuals residing in the City of Columbia, Missouri. Defendant Marcia Green is an individual residing in the City of Columbia, Missouri and the alleged victim of the arson.

On December 15, 2014, a fire was set at Defendant Marcia Green's property. Plaintiff was arrested and charged with conspiracy to commit arson of Defendant's Green property in 2015. Similarly, Defendant Green initiated a civil trial in the Boone County Circuit Court seeking damages against Plaintiff and other defendants for the fire and damage set to Defendant Green's property. In the civil case the Boone County Circuit Court ultimately found in favor Defendant Green against Plaintiff and held that Merhdad Fotoohighiam paid others in a conspiracy to burn down the dwelling of Marcia Green. Merhdad Fotoohighiam appealed to the Missouri Supreme Court which ultimately affirmed the Boone County Circuit Court's decision. In the criminal case against Plaintiff, a jury ultimately found Plaintiff not guilty on all charges relating to the arson of Defendant Green's property.

Plaintiff now brings this current action, alleging eight counts against Defendants based upon alleged violations of his constitutional rights stemming from the criminal investigation and

2

charges based upon the fire of Defendant Marcia Green's property. Plaintiff's causes of action are: Count I – 42 U.S.C. § 1983 Deprivation of Liberty without Due Process of Law and Denial of a Fair Trial by Fabricating Evidence; Withholding Material Exculpatory and Impeachment Evidence, and Conducting a Reckless Investigation; Count II – 42 U.S.C. § 1983 Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments; Count III – 42 U.S.C. § 1983 Civil Rights Conspiracy; Count IV -42 U.S.C. § 1983 Failure to Intervene; Count V – 42 U.S.C. § 1983 Supervisor Liability; Count VI – Malicious Prosecution Under Missouri State Law; Count VII – Respondent Superior Under Missouri State Law and Count VIII – *Monell* Claim.

Defendant Green brings her Motion to Dismiss Plaintiff's Complaint arguing that it fails to state a claim upon which relief can be granted; Plaintiff's § 1983 civil conspiracy claim fails to plead a meeting of the minds; Defendant Green, as a private citizen, cannot be liable for § 1983 failure to intervene; Defendant Green did not instigate Plaintiff's prosecution; and probable cause existed for the Plaintiff's prosecution. The Court will take each argument in turn.

## STANDARD OF REVIEW

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a

3

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**ANALYSIS**

I. **Count II – 42 U.S.C. § 1983 Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments**

Defendant Green argues that Plaintiff fails to allege facts to establish that she willfully participated in joint activity with the City of Columbia Defendants and Plaintiff failed to allege a close nexus between Defendant Green and the City of Columbia Defendants that would subject her, a private individual, to lability under § 1983. Defendant Green further argues that § 1983 does not provide a remedy for malicious prosecution. Further, Defendant Green states that Plaintiff's malicious prosecution claim fails as a matter of law because the actions taken by defendant Green did not violate Plaintiff's constitutional rights because there was probable cause to detain and prosecute Plaintiff. Plaintiff argues that Defendant Green may incur section 1983 liability only if she was a willing participant in a joint action with public servants acting under color of state law. Plaintiff alleges Defendant Green acted in concert with co-defendants and set fire to her own property as well as fabricating a story to directly place the blame for the arson on Plaintiff. Plaintiff further alleges that Defendant Green assisted co-defendants in the prosecution of Plaintiff and went as far as to testify against Plaintiff as the victim in his criminal trial.

To be liable under § 1983, the claimed deprivation must result from "the exercise of a right or privilege having its source in state authority," and the party charged with the deprivation must be one "appropriately characterized as [a] state actor[]." *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007), cert. denied, --- U.S. ----, 128 S.Ct. 387, 169 L.Ed.2d 263 (2007) (quoting

4

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)). "A private party may be held liable under § 1983 only if it is a 'willful participant in joint activity with the State or its agents.'" *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941, 102 S.Ct. 2744, 73 L.Ed.3d 482 (1982)). "[A] plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor" regarding the violation of plaintiff's constitutional rights. *Magee v. Trs. Of the Hamline Univ., Minn.*, 957 F.Supp.2d 1047, 1058 (D. Minn. 2013), *aff'd sub nom. Magee v. Trs. Of Hamline Univ., Minn.*, 747 F.3d 532 (8th Cir. 2014) (citing *Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir. 1997)). Mere allusion to such a conspiracy is insufficient; the conspiracy, or meeting of the minds, must be pleaded with specificity and factual support. *See Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991); *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985).

Taking the allegations in Plaintiff's Complaint as true for the purpose of a motion to dismiss, Plaintiff has failed to state a cause of action upon which relief may be granted as to Defendant Green. Plaintiff's Complaint fails to state with particularity how there was a mutual understanding or a meeting of the minds necessary for liability. Plaintiff Complaint states:

> The Individual Defendants, acting individually and in concert with malice and knowing that probable cause did not exist to prosecute Merhdad Fotoohighiam for arson, intentionally caused Fotoohighiam and wrongfully imprisoned for nearly three years, thereby violating Fotoohighiam's clearly established right, under the Fourth and Fourteenth Amendments of the U.S. Constitution, to be free of prosecution absent probable cause. The Individual Defendants, acting individually and in concert, fabricated evidence, withheld and misrepresented exculpatory evidence, and failed to investigate in a manner that shocks the conscience, all of which resulted in an arrest and prosecution without probable cause. The Individual Defendants performed the above-described acts under color of state law, intentionally, with reckless disregard for the truth, and with deliberate indifference to Fotoohighiam's clearly established constitutional rights. No reasonable officer would have believed this conduct was lawful.

(Complaint ¶¶ 93-95). Plaintiff alleges the "individual defendants", including Defendant Green, were acting in concert to prosecute Plaintiff. However, Plaintiff does not allege with specificity a mutual understanding or meeting of the minds. Plaintiff's allegations are conclusory in nature and fail to allege facts that would show a mutual understanding that would make Defendant Green liable under 42 U.S.C. § 1983. For the reasons stated, Defendant Green's Motion to Dismiss Count II - 42 U.S.C. § 1983 Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments is **GRANTED**.

**II.     Count III – 42 U.S.C. § 1983 Civil Rights Conspiracy**

Defendant Green argues that Plaintiff fails to allege facts to establish that she willfully participated in joint activity with the City of Columbia Defendants and Plaintiff failed to allege a close nexus between Defendant Green and the City of Columbia Defendants that would subject her, a private individual, to lability under § 1983. Defendant Green further argues that Plaintiff fails to plead with specificity any facts indicating a conspiracy existed between her and the City of Columbia Defendants. Additionally, Defendant Green argues Plaintiff's Complaint does not include any support for a meeting of the minds. Lastly, Defendant Green argues Plaintiff allegation that Defendant Green sought assistance from the City of Columbia Defendants after the arson at her home, that a conspiracy existed. Defendant Green argues that these are conclusory allegations that completely fail to allege a meeting of the minds between the Defendants. Plaintiff argues that Defendant Green and her co-conspirators knew Defendant Green's statements about Plaintiff's involvement in the fire were fabricated, yet all conspired to actively assist in Plaintiff's prosecution. Further, Plaintiff argues that Jennifer Wilson corroborated Defendant Green's role, informing detectives that Defendant Green planned to burn her own property and frame Plaintiff.

Taking the allegations in Plaintiff's Complaint as true for the purpose of a motion to dismiss, Plaintiff has failed to state a cause of action upon which relief may be granted as to Defendant Green. Here Plaintiff alleges:

> Upon information and belief, Marcia Green in concert with other Defendants set fire to her own property and fabricated a storyline to directly place the blame on Merhadad Fotoohighiam for allegedly directing his tenant and employee James Hall to set fire to her mobile home. It was revealed during or after the trial that the investigators did not pursue any investigations into Marcia Green, nor did they pursue any leads that could have and would have exculpated Plaintiff.

(Complaint ¶¶ 30 and 34). Plaintiff further alleges that "Defendant Jennifer Wilson in her notarized statement indicated that she reported to Detective John/Jon Logan that Marica Green planned to set her own property on fire for money and blame it on Plaintiff." (Complaint ¶ 45). While Plaintiff alleges an alternative theory regarding the underlying arson charge, he fails to show how Defendant Green a mutual understanding or meeting of the minds with those involved with investigating and ultimate prosecution of Plaintiff. Plaintiff fails to allege with any particularity how Defendant Green exercised a right or privilege having its source in state authority to deprive Plaintiff of his rights or how Defendant Green is appropriately characterized as a state actor. For the reasons stated, Defendant Green's Motion to Dismiss Count III – 42 U.S.C. § 1983 Civil Rights Conspiracy is **GRANTED**.

### III.     Count IV – 42 U.S.C. § 1983 – Failure to Intervene

Defendant Green argues that Plaintiff fails to allege facts to establish that she willfully participated in joint activity with the City of Columbia Defendants and Plaintiff failed to allege a close nexus between Defendant Green and the City of Columbia Defendants that would subject her, a private individual, to lability under § 1983. Defendant Green additionally argues that there is no case law that applies liability to a private individual for failure to intervene in the conduct of a police officer or government official. Defendant Green further argues that Plaintiff's Complaint

fails to plead with particularity any action taken by Defendant Green or the City of Columbia. Plaintiff does not argue this point and in his briefing has voluntarily dismissed this claim as to Defendant Green. As Plaintiff has voluntarily dismissed this claim, the Court will find in favor of Defendant Green. For the reasons stated, Defendant Green's Motion to Dismiss as to Count IV – Failure to Intervene is **GRANTED**.

IV.     Count VI – Malicious Prosecution Under Missouri State Law

Defendant Green argues that she did not instigate Plaintiff's prosecution, which is an element of malicious prosecution under Missouri law, and thus the claim should be dismissed for failure to state a claim. Defendant Green additionally argues that probable cause existed for Plaintiff's prosecution. Plaintiff argues that Defendant Green orchestrated a scheme with co-defendants to prosecute Plaintiff for a crime he did not commit. Plaintiff argues she reinforced this fabricated narrative by filing a lawsuit, giving contradictory accounts of the fire, and ultimately testifying against the Plaintiff at his criminal trial.

> To state a claim for malicious prosecution under Missouri law, plaintiff must allege:
>
> (1) Commencement of an earlier suit against the party; (2) instigation of that suit by the adverse party; (3) termination of the suit in the party's favor; (4) lack of probable cause for filing the suit; (5) malice by the adverse party in initiating the suit; and (6) damage sustained by the party as a result of the suit.

*Stockley v. Joyce*, 963 F.3d 809, 822 (8th Cir. 2020) (citing *Copeland v. Wicks*, 468 S.W.3d 886, 889 (Mo. 2015) (en banc)). To be held liable for malicious prosecution, a defendant must have initiated the proceedings "primarily for a purpose other than that of brining an offender to justice." *Fisher v. Wal-Mart Stores, Inc.*, 619 F.3d 811, 822 (8th Cir. 2010) (quoting *Cassady v. Dillard Dept. Stores*, 167 F.3d 1215, 1219 (8th Cir. 1999)). "To demonstrate the legal malice necessary to sustain the judgment, [plaintiff] [i]s required to show either that [defendant] had an illegitimate

motive for the prosecution, or that it knowingly acted with flagrant disregard for [plaintiff's] rights so that an improper motive may be inferred." *Id*. "To impose liability on a defendant for malicious prosecution, defendant must advise, encourage, pressure, or cause the institution of the prosecution." *Schumer v. Craig Distrib. Co.*, 745 S.W.2d 163, 165 (Mo. Ct. App. 1987).

Taking the allegations as true for the purpose of a motion to dismiss, Plaintiff has failed to state a claim upon which relief can be granted as to Defendant Green. Plaintiff fails to allege how Defendant Green advised, encouraged, pressured, or caused the institution of the prosecution. Plaintiff alleges:

> Based on a lack of any physical evidence, and credible witness testimony, the Individual Defendants knew, or should have known, that Fotoohighiam was innocent. Nevertheless, without probable cause, the Individual Defendants cause the commencement of prosecution proceedings against Fotoohighiam. The Individual Defendants' conduct was actuated without any proper motive and with malice because the Individual Defendants knew that Fotoohighiam was not the actual perpetrator of the crime, yet they fabricated evidence against him.

(Complaint ¶ 121). Plaintiff does not allege how Defendant Green instigated the action. Under Missouri law, "mere provision of information to the authorities does not constitute instituting or continuing a criminal proceeding." *Zike v. Advance Am*. No. 4:09-CV-0199-TCM, 2010 WL 1816747, at *7 (E.D. Mo. May 3, 2010), *aff'd sub nom. Zike v. Advance Am., Cash Advance Centers of Missouri, Inc.*, 646 F.3d 504 (8th Cir. 2011) (quoting *Hardge-Harris v. Pleban*, 741 F.Supp. 764, 774–75 (E.D. Mo. 1990)). Further, "mere giving of honest assistance and information which leads to a prosecution … necessarily render a person liable as an instigator of that prosecution …." *Id*. Here, Plaintiff fails to allege any facts that would show Defendant Green did more than merely providing information to the authorities or advised, encouraged, pressure, or cause the institution of the prosecution to such an extent where Defendant Green would be liable

9

under a theory of malicious prosecution. For the reasons stated, Defendant Green's Motion to Dismiss Count IV – Malicious Prosecution Under Missouri State Law is **GRANTED**.

## CONCLUSION

For the reasons set forth herein, Defendant Green's Motion to Dismiss is **GRANTED**. Defendant Green is hereby dismissed from the case.

**IT IS SO ORDERED**.

DATED: October 2, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**
